IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ESTEBAN REYES | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| SANDRA DONOVAN | § | |
| Defendant. | § | |

## DEFENDANT SANDRA DONOVAN'S NOTICE OF FILING REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to 28 U.S.C. §1441 Defendant, Sandra Donovan (Defendant) removes this action from the County Court at Law No. 2 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas—McAllen Division. Removal is proper on the following grounds:

1.     Defendant Sandra Donovan is a defendant in the civil action *Daniel Esteban Reyes vs. Sandra Donovan, James F. Kocher*, Cause No. CL-17-4340-B brought in the County Court at Law No. 2 of Hidalgo County, Texas.

## I.
## BASIS FOR REMOVAL

**A.** *Complete Diversity*

2.     Removal to federal court is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). Defendant seeks removal of this cause to this Court under 28 U.S.C. §1441 and the time for filing this Notice of Removal contained in 28 U.S.C. §1446 has not expired. The citation and petition in this action were served on Defendant on or about October 24, 2017.

3.      Accordingly, this notice of removal is filed within 30 days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

4.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that every defendant is now and was at the time the action was commenced diverse in citizenship from every plaintiff. No defendant is or was at the time the suit was commenced a citizen of the State of Texas.

5.      Plaintiff Daniel Esteban Reyes (Plaintiff) is domiciled in Hidalgo County, Texas and was domiciled there at the time this action was commenced. Plaintiff was at that time and is now a citizen of the State of Texas. Plaintiff's citizenship as evidenced by Plaintiff's Original Petition (Original Petition) attached hereto constitutes prima facie evidence of his domicile in the State of Texas.

6.      Defendant is domiciled at 6432 Weaver Road, Rockford, IL 61114-8104 and was domiciled there at the time this action was commenced. Defendant was a citizen of the State of Illinois at the time this action was commenced and remains a citizen of the State of Illinois.

**B.**      ***Amount in Controversy Exceeds $75,000.00.***

7.      The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.00. Plaintiff's Original Petition, attached to this notice, states a claim against Defendants for $100,000.000 for negligence. Should Plaintiff prevail on the claims against Defendant stated in the Plaintiff's Original Petition, attached to this notice, Plaintiff would be entitled to damages in excess of $75,000.

## II.
## COMPLIANCE WITH LOCAL RULE 81

8.      Pursuant to Local Rule 81 and 28 U.S.C. §1446(a), this Notice of Removal; all pleadings, process and other filings in the state court action; and an identification of all counsel

028d697dbd

of record are collectively attached to this notice as required by 28 U.S.C. §1446(a), as Exhibit "A."

9.      Pursuant to Local Rule 81, Defendant has also included a copy of the state Court's docket sheet, as Exhibit "B;" copies of each document filed in the state court action, as Exhibits "C-1" through "C-4".

## III.
## NOTICE

10.      Defendant will promptly file a copy of this Notice of Removal with the state court where the action has been pending and will promptly give notice of the filing and serve this Notice of Removal to all parties pursuant to 28 U.S.C. § 1446(d).

11.      Contemporaneous with the filing of this Notice of Removal, Defendant will give written notice thereof to Plaintiff and file a copy of the Notice of Removal the Clerk of the County Court at Law No. 2 of Hidalgo County, Texas and provide this Court with a Proof of Filing in state court. *See Exhibit "D"*

## IV.
## CONCLUSION & PRAYER

12.      All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a), as Exhibit(s) "C-1" through "C-4".

13.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action is pending.

WHEREFORE, Defendant prays that the above-captioned action now pending against it in the County Court at Law No. 2 of Hidalgo County, Texas, be removed to the United States District Court for the Southern District of Texas—McAllen Division and issue this matter a cause number in which to proceed in your Honorable Court.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

*/s/Rick V. Anderson*
_____

GREGG S. WEINBERG
Fed. No. 6799
TBA No. 21084150
Rick V. Anderson
Fed. No. 986458
TBA No. 24159047
CAITLIN B. FESTE
TBA No. 24085212
Fed. No. 1882750
2800 Post Oak Boulevard, 57th Floor
Houston, TX  77056
Telephone: (713) 840-1666
Facsimile: (713) 840-1666
gweinberg@rmwbhlaw.com
randerson@rmwbhlaw.com
cfeste@rmwbhlaw.com
**ATTORNEYS FOR DEFENDANT, SANDRA
DONOVAN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that pursuant to Tex. R. Civ. P. 21a, a true and correct copy of the foregoing instrument was served upon the parties listed below by fax, delivery service, messenger, mail, and/or through the serving party's electronic filing service provider, this 21st day of November, 2017.

Rogelio Solis
De La Fuente & Solis, PLLC
P.O. Box 2307
Edinburg, Texas 78540
Rogelio@381 help.com

Francisco J. Rodriguez
Danielle C. Rodriguez
Law Office of Francisco J. Rodriguez
1111 W. Nolana Ave.
McAllen, Texas 78504
frankr@mccallenlawfirm.com

*/s/Rick V. Anderson*

_____

Rick V. Anderson

# List of Attorneys

GREGG S. WEINBERG
Fed. No. 6799
TBA No. 21084150
Rick V. Anderson
Fed. No. 986458
TBA No. 24159047
CAITLIN B. FESTE
TBA No. 24085212
Fed. No. 1882750
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC
2800 Post Oak Boulevard, 57th Floor
Houston, Texas 77056
Attorney for Defendant

Rogelio Solis
TBA No. 24081374
DE LA FUENTE & SOLIS, PLLC
P.O. Box 2307
Edinburg, Texas 78540
Rogelio@381 help.com
Attorneys for Plaintiff

And

Francisco J. Rodriguez
TBA No. 17145800
Danielle C. Rodriguez
TBA No. 24075952
LAW OFFICE OF FRANCISCO J. RODRIGUEZ
1111 W. Nolana Ave.
McAllen, Texas 78504
frankr@mccallenlawfirm.com
Attorneys for Plaintiff

# EXHIBIT "A"

# EXHIBIT "A"

CAUSE NO. <u>CL-17-4340-B</u>

| | | |
|---|---|---|
| **ESTEBAN REYES**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE COUNTY COURT** |
| **v.** | §<br>§ | **AT LAW NO. _____** |
| **SANDRA DONOVAN**<br>**Defendant.** | §<br>§ | **HIDALGO COUNTY, TEXAS** |

---

### PLAINTIFFS' ORIGINAL PETITION &
### REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

ESTEBAN REYES, hereinafter referred to as "Plaintiff", files this original petition and request for disclosure against SANDRA DONOVAN, hereinafter referred to as "Defendant", and alleges as follows:

### I.  DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### II.  CLAIM FOR RELIEF

2.      Plaintiff seeks monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees.

### III.  PARTIES

3.      Plaintiff, ESTEBAN REYES, is an individual residing in Hidalgo County, Texas 78541. The last three digits of Plaintiff's driver's license number are 349.

4.      Defendant, SANDRA DONOVAN, an individual, may be served with process at her residence, <u>2301 N. Abram Rd. 455, Mission, Texas 78572</u>, or wherever she may be found.

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-17-4340-B

## IV. JURISDICTION

5.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## V. VENUE

6.      Venue is proper in Hidalgo County, Texas, under Texas Civil Practice & Remedies Code Section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas.

## VI. FACTS

7.      On or about February 10, 2017, Plaintiff ESTEBAN REYES was driving when Defendant SANDRA DONOVAN moved into his lane and struck his vehicle.

8.      Defendant SANDRA DONOVAN was attempted to move to the outside lane in an unsafe manner while Plaintiff was passing by.

9.      As a result of the collision, Plaintiff suffered the damages described herein.

## VII. CAUSE OF ACTION- NEGLIGENCE

10.     Defendant had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently.

11.     Defendant breached the duty of care in the following ways:

    a.      Driving the vehicle at a rate of speed greater than at which a normally prudent person would have driven under the same or similar circumstances;

    b.      Failing to maintain a proper lookout;

    c.      Failing to timely apply the brakes;

    d.      Failing to maintain control of the vehicle; and

    e.      Failing to turn safely do a lane change.

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-4340-B**

12.     Defendant's breach of duty proximately caused injury to Plaintiff as described

herein.

13.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

### VIII. DAMAGES

14.     As a result of the collision, Plaintiff ESTEBAN REYES suffered the following

damages: reasonable and necessary medical expenses incurred in connection with his treatment,

physical pain and suffering, mental anguish, and lost wages.

### IX.  JURY DEMAND

15.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### X.  REQUEST FOR DISCLOSURE

16.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant

disclose, within 50 days of the service of this request, the information or material described in

Rule 194.2.

### XI.  OBJECTION TO ASSOCIATE JUDGE

17.     Plaintiff objects to the referral of this case to an associate judge for hearing a trial

on the merits or presiding at a jury trial.

### XII.  PRAYER

18.     For these reasons, Plaintiff asks that the Court issue citation for Defendant to

appear and answer, and that Plaintiff be awarded a judgment against Defendant for the

following:

      a.     Actual damages.

      b.     Prejudgment and postjudgment interest.

      c.     Court costs.

      d.     All other relief to which Plaintiff is entitled.

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-4340-B**

Respectfully submitted,

DE LA FUENTE & SOLIS, PLLC
P. O. Box 2307
Edinburg, Texas  78540
Tel: (956) 381-4357
 Fax: (866) 336-3238
Email: rogelio@381help.com

By: _____

ROGELIO SOLIS
State Bar No. 24081374
 ARTEMIO DE LA FUENTE
State Bar No. 24085270
JOSE ANTONIO SOLIS
State Bar No. 24090400

FRANCISCO J. RODRIGUEZ
State Bar No. 17145800
DANIELLE C. RODRIGUEZ
State Bar No. 24075952
JARED A. CLARK
State Bar No. 24101626
**LAW OFFICE OF**
**FRANCISCO J. RODRIGUEZ**
1111 W. Nolana Ave.
McAllen, Texas 78504
Tel: (956) 687-4363
Fax: (956) 687-6415
Email: frankr@mcallenlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

**CAUSE NO. CL-17-4340-B**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

> To:  SANDRA DONOVAN
>       2301 N ABRAM RD 455
>       MISSION TEXAS 78572
>       OR WHEREVER SHE MAY BE FOUND

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

 Said Plaintiff's Petition was filed in said Court, on the 24th day of October, 2017 in this Cause Numbered CL-17-4340-B on the docket of said Court, and styled,

**ESTEBAN REYES**
**vs.**
**SANDRA DONOVAN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION & REQUEST FOR DISCLOSURE petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        ROGELIO SOLIS
        PO BOX 2307
        EDINBURG TX  78540

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 24th day of October, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #2

BY _____ DEPUTY
       ALMA NAVARRO

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
      Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

      NAME _____ DATE _____ TIME _____ PLACE _____

      By: _____      By: _____
           CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      By; _____      By: _____
           CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 20_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

AT 345 O'CLOCK _____ M.

NOV 0 9 2017

ARTURO GUAJARDO JR. COUNTY CLERK
COUNTY COURT AT LAW NO. ___ HIDALGO CO.

**CAUSE NO. CL-17-4340-B**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:     SANDRA DONOVAN
        2301 N ABRAM RD 455
        MISSION TEXAS 78572
        OR WHEREVER SHE MAY BE FOUND

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 24th day of October, 2017 in this Cause Numbered CL-17-4340-B on the docket of said Court, and styled,

**ESTEBAN REYES**
**vs.**
**SANDRA DONOVAN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION & REQUEST FOR DISCLOSURE petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        ROGELIO SOLIS
        PO BOX 2307
        EDINBURG TX  78540

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 24th day of October, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #2

BY _Alma Navarro_ DEPUTY
ALMA NAVARRO

Electronically Submitte
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _24_ day of _October_ , 20 _17_ , at _5:00_ o'clock _P_ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

NAME _Sandra Donovan_ DATE _10/30_ TIME _8:45pm_ PLACE _2301 N. Abram Rd #455, Mission, TX_

By: _____          By: _____
    CIVIL PROCESS SERVER                   DEPUTY SHERIFF/CONSTABLE

DEFENDANT NOT SERVED
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____          By: _____
    CIVIL PROCESS SERVER                   DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Jeremy Garcia_ , my date of birth is _10/16/81_ and my address is

_1111 W. Nolana Ave_ . I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _Hidalgo_ County, state of Texas, on the _30_ day of _October_ 20 _17_ .

_____
DECLARANT

_9/30/18   SC-19/16_
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Cause Number CL-17-4340-B

| | | |
|---|---|---|
| ESTEBAN REYES | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| VS | § | COUNTY COURT AT LAW # 2 |
| | § | |
| | § | |
| | § | |
| SANDRA DONOVAN | § | |
| | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |

STATE OF TEXAS          §
                                    §          **AFFIDAVIT**
COUNTY OF HIDALGO          §

Before me, the undersigned authority, on this day personally appeared Jeremy Garate who after being duly sworn did upon oath state the following:

I am over the age of 18 years and I am fully competent to testify to matters stated in this affidavit.

I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

On October 30, 2017, I served SANDRA DONOVAN a CITATION, PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at 2301 N ABRAM RD., #455, MISSION, TEXAS.

Further affiant sayeth not.

Jeremy Garate

Before me, a notary public, on this day personally appeared Jeremy Garate known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared under oath that the statements therein contained are true and correct.

Given under my hand and seal of office this ___8th___ day of ___November___ 2017.

Notary Public

AIDA MORALEZ
Notary Public, State of Texas
Comm. Expires 02-10-2020
Notary ID 130640887

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CAUSE NO. CL-17-4340-B

| | | |
|---|---|---|
| ESTEBAN REYES | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| SANDRA DONOVAN | § | HIDALGO COUNTY, TEXAS |
| Defendant. | § | |

## DEFENDANT SANDRA DONOVAN'S ANSWER TO PLAINTIFF'S PETITION

TO THE HONORABLE COURT:

COMES NOW Defendant, SANDRA DONOVAN, in the above-entitled and numbered cause files her answer to the Plaintiff' Original Petition and would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the pleading of Plaintiff, says that the allegations therein are not true, either in whole or in part, and demands strict proof thereof by a preponderance of evidence and, to the extent that Plaintiff seeks exemplary damages, clear and convincing evidence. Defendant reserves Defendant's right to amend this answer to assert other and further defenses as discovery and investigation warrant.

## II.
## AFFIRMATIVE DEFENSES
(Alternatively Pled)

2.     Defendant would show that Plaintiff failed to exercise ordinary care.

3.     Alternatively, Defendant would show that Plaintiff's alleged damages were brought about and proximately caused by Plaintiff's own negligence.

4.     Alternatively, Plaintiff's damages, if any, were caused by the negligence of Plaintiff and

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

Plaintiff's negligence was the sole and proximate cause of any damages alleged in this lawsuit.

5.      Alternatively, the damages alleged by Plaintiff were caused by intervening acts, events, conditions, or circumstances for which Defendant is not responsible.

6.      Alternatively, Plaintiff's claims against Defendant are barred in whole or in part by the conduct of others.   Specifically, Plaintiff' alleged damages were proximately caused by the actions/inactions of third parties over whom Defendant has no control.

7.      Alternatively, Defendant hereby invokes the doctrines of comparative and proportionte responsibility as available under the Texas Civil Practice & Remedies Code. Defendant would show that the damages alleged by Plaintiff, were caused by persons other than Defendant, whether named in this suit or not. Defendant further requests the jury to compare the extent to which any party to this case, whether joined in this suit or not, may have caused or contributed to cause the injuries of which Plaintiff complains.

8.      Alternatively, pursuant to Tex. Civ. Prac. & Rem. Code § 33.001, *et seq.*, upon submission of this case to a fact-finder, Defendant is entitled to a submission of the percentage of responsibility, if any, of Plaintiff, of each defendant (if more than one), of each settling person, each responsible third party or third parties for the damages claimed.

9.      Alternatively, Defendant asserts the right to contribution and/or indemnity from any other person or entity, regardless of whether a party, who is found to have caused or contributed to the injuries and/or the damages alleged by Plaintiff.

10.     Alternatively, Plaintiff failed to mitigate Plaintiff's damages, if any.

11.     Alternatively, Alternatively, Defendant asserts offset and/or reduction as defenses.

12.     Alternatively, the incident was an unavoidable accident caused by an unforeseeable condition.

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

13.      Alternatively, there is no causal connection between the alleged violations of the statutes or ordinance and the injury.

14.      Alternatively,  ordinance or regulation was not designed to prevent the type of harm for which recovery is sought.

15.      Alternatively, when this case is submitted to the jury, Defendants ask this Court to submit as instructions the following inferential-rebuttal defenses raised by the evidence:

(1)      The alleged collision with the Plaintiff's vehicle and Plaintiff's alleged injury was the result of a new and independent cause.
(2)      The alleged collision with the Plaintiff's vehicle and Plaintiff's alleged injury was caused solely by the acts and/or omissions of a third-party for whom Defendant is not liable.
(3)      The alleged collision with the Plaintiff's vehicle was an unavoidable accident.
(4)      Plaintiff's alleged injury was the result of a new and independent cause.
(5)      Plaintiff's alleged injury was the result of an unavoidable accident.
(6)      Defendant's acts alleged as the basis of Plaintiff's claim were in response to a sudden emergency.

16.      Alternatively, to the extent applicable, Defendant further invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.   Defendant affirmatively pleads that the Plaintiff's pleading of punitive and/or exemplary damages is violative of the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

(1)      in an amount left to the discretion of the jury and judge;
(2)      in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;
(3)      in assessing such penalty or exemplary awards, Plaintiff need only prove the      theory of gross negligence on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a          punishment award;
(4)      further, the Defendant who is subject to the award does not have the right to refuse to testify against itself, but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment;
(5)      the assessment of such a punishment and/or exemplary award is not based

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/orother prerequisites of a criminal fine and, in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards.  Therefore, the awards are unduly vague and do not meet the requirements of due process;

(6)     in essence, Defendant herein is subjected to all the hazards and risks of what amounts to a fine and, in face, such awards often exceed normal criminal fines; but Defendant receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties;

(7)     the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

17.     Alternatively, if such be necessary, Defendant further affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amended of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, Defendant invokes Defendant's rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would violate of this Defendant's United States Constitutional rights. If Defendant is found liable for exemplary damages, those damages must be capped under the Texas Damages Act and the Due Process Clauses of the United States and Texas Constitutions.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged and that they go hence with Defendant's costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show to be justly entitled.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

/s/Rick V. Anderson

GREGG S. WEINBERG
TBA No. 21084150
RICK V. ANDERSON
TBA No. 24059047
CAITLIN B. FESTE
TBA No. 24085212
2800 Post Oak Boulevard, 57th Floor
Houston, TX  77056
(713) 840-1666
randerson@rmwbhlaw.com
cfeste@rmwbhlaw.com
gweinberg@rmwbhlaw.com
**ATTORNEYS FOR DEFENDANT
SANDRA DONOVAN**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Tex. R. Civ. P. 21a, a true and correct copy of the foregoing instrument was served upon the parties listed below by fax, delivery service, messenger, mail, and/or through the serving party's electronic filing service provider, this 17th day of November, 2017.

Rogelio Solis
De La Fuente & Solis, PLLC
P.O. Box 2307
Edinburg, Texas 78540
Rogelio@381 help.com

Francisco J. Rodriguez
Danielle C. Rodriguez
Law Office of Francisco J. Rodriguez
1111 W. Nolana Ave.
McAllen, Texas 78504
frankr@mccallenlawfirm.com

/s/Rick V. Anderson

Rick V. Anderson

# EXHIBIT "B"

# EXHIBIT "B"

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. CL-17-4340-B

| | | | |
|---|---|---|---|
| Esteban Reyes VS. Sandra Donovan | § § § § § | Case Type: | Injury or Damage - Motor Vehicle (OCA) |
| | | Date Filed: | 10/24/2017 |
| | | Location: | County Court at Law #2 |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| Defendant | Donovan, Sandra | **Attorneys** | **RICK ANDERSON** |
| | | | *Retained* |
| | | | 713-840-1666(W) |
| | | | |
| Plaintiff | Reyes, Esteban | | **ROGELIO SOLIS** |
| | | | *Retained* |
| | | | 956-381-4357(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/24/2017 | Original Petition (OCA) |
| | *Original Petition* |
| 10/24/2017 | Citation Issued |
| | *SANDRA DONOVAN/SENT ELECTRONICALLY* |
| 11/09/2017 | Service Returned - Served |
| | *sandra donovan served* |
| 11/17/2017 | Answer |
| | *DEFENDANT SANDRA DONOVAN S ANSWER TO PLAINTIFF S PETITION* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Donovan, Sandra | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 11/21/2017** | | | **0.00** |
| 11/17/2017 | Transaction Assessment | | | 2.00 |
| 11/17/2017 | EFile Payments from TexFile | Receipt # 2017-054472 | Donovan, Sandra | (2.00) |
| | | | | |
| | **Plaintiff** Reyes, Esteban | | | |
| | Total Financial Assessment | | | 284.00 |
| | Total Payments and Credits | | | 284.00 |
| | **Balance Due as of 11/21/2017** | | | **0.00** |
| 10/24/2017 | Transaction Assessment | | | 284.00 |
| 10/24/2017 | EFile Payments from TexFile | Receipt # 2017-049875 | Reyes, Esteban | (284.00) |

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C-1"

# EXHIBIT "C-1"

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CAUSE NO. _____ **CL-17-4340-B**

| | | |
|---|---|---|
| **ESTEBAN REYES** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **SANDRA DONOVAN** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

ESTEBAN REYES, hereinafter referred to as "Plaintiff", files this original petition and request for disclosure against SANDRA DONOVAN, hereinafter referred to as "Defendant", and alleges as follows:

### I. DISCOVERY-CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### II. CLAIM FOR RELIEF

2.    Plaintiff seeks monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees.

### III. PARTIES

3.    Plaintiff, ESTEBAN REYES, is an individual residing in Hidalgo County, Texas 78541. The last three digits of Plaintiff's driver's license number are 349.

4.    Defendant, SANDRA DONOVAN, an individual, may be served with process at her residence, 2301 N. Abram Rd. 455, Mission, Texas 78572, or wherever she may be found.

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-4340-B**

## IV.  JURISDICTION

5.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## V.  VENUE

6.      Venue is proper in Hidalgo County, Texas, under Texas Civil Practice & Remedies Code Section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas.

## VI.  FACTS

7.      On or about February 10, 2017, Plaintiff ESTEBAN REYES was driving when Defendant SANDRA DONOVAN moved into his lane and struck his vehicle.

8.      Defendant SANDRA DONOVAN was attempted to move to the outside lane in an unsafe manner while Plaintiff was passing by.

9.      As a result of the collision, Plaintiff suffered the damages described herein.

## VII.  CAUSE OF ACTION- NEGLIGENCE

10.      Defendant had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently.

11.      Defendant breached the duty of care in the following ways:

a.      Driving the vehicle at a rate of speed greater than at which a normally prudent person would have driven under the same or similar circumstances;

b.      Failing to maintain a proper lookout;

c.      Failing to timely apply the brakes;

d.      Failing to maintain control of the vehicle; and

e.      Failing to turn safely do a lane change.

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-4340-B**

12.    Defendant's breach of duty proximately caused injury to Plaintiff as described

herein.

13.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## VIII. DAMAGES

14.    As a result of the collision, Plaintiff ESTEBAN REYES suffered the following

damages: reasonable and necessary medical expenses incurred in connection with his treatment,

physical pain and suffering, mental anguish, and lost wages.

## IX.  JURY DEMAND

15.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X.  REQUEST FOR DISCLOSURE

16.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant

disclose, within 50 days of the service of this request, the information or material described in

Rule 194.2.

## XI.  OBJECTION TO ASSOCIATE JUDGE

17.    Plaintiff objects to the referral of this case to an associate judge for hearing a trial

on the merits or presiding at a jury trial.

## XII.  PRAYER

18.    For these reasons, Plaintiff asks that the Court issue citation for Defendant to

appear and answer, and that Plaintiff be awarded a judgment against Defendant for the

following:

    a.    Actual damages.

    b.    Prejudgment and postjudgment interest.

    c.    Court costs.

    d.    All other relief to which Plaintiff is entitled.

Electronically Submitted
10/24/2017 5:01 AM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-17-4340-B**

Respectfully submitted,

DE LA FUENTE & SOLIS, PLLC
P. O. Box 2307
Edinburg, Texas  78540
Tel: (956) 381-4357
 Fax: (866) 336-3238
Email: rogelio@381help.com

By: _____
        *R. Solis*

        ROGELIO SOLIS
        State Bar No. 24081374
         ARTEMIO DE LA FUENTE
        State Bar No. 24085270
        JOSE ANTONIO SOLIS
        State Bar No. 24090400

        FRANCISCO J. RODRIGUEZ
        State Bar No. 17145800
        DANIELLE C. RODRIGUEZ
        State Bar No. 24075952
        JARED A. CLARK
        State Bar No. 24101626
        **LAW OFFICE OF**
        **FRANCISCO J. RODRIGUEZ**
        1111 W. Nolana Ave.
        McAllen, Texas 78504
        Tel: (956) 687-4363
        Fax: (956) 687-6415
        Email: frankr@mcallenlawfirm.com

        **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT "C-2"

# EXHIBIT "C-2"

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

**CAUSE NO. CL-17-4340-B**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

> To:   SANDRA DONOVAN
>       2301 N ABRAM RD 455
>       MISSION TEXAS 78572
>       OR WHEREVER SHE MAY BE FOUND

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

 Said Plaintiff's Petition was filed in said Court, on the 24th day of October, 2017 in this Cause Numbered CL-17-4340-B on the docket of said Court, and styled,

**ESTEBAN REYES**
**vs.**
**SANDRA DONOVAN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION & REQUEST FOR DISCLOSURE petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
>       ROGELIO SOLIS
>       PO BOX 2307
>       EDINBURG TX  78540

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 24th day of October, 2017.

>       ARTURO GUAJARDO, JR.
>       COUNTY CLERK, HIDALGO COUNTY, TEXAS
>       100 N. CLOSNER
>       EDINBURG, TEXAS 78539
>       COUNTY COURT AT LAW #2

BY *Alma Navarro* DEPUTY
       ALMA NAVARRO

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____           By: _____
        CIVIL PROCESS SERVER                                   DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**

Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____           By: _____
        CIVIL PROCESS SERVER                                   DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 20_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

# EXHIBIT "C-3"

# EXHIBIT "C-3"

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

NOV 0 9 2017

ARTURO GUAJARDO JR. COUNTY CLERK
COUNTY COURT AT LAW NO. 44 HIDALGO CO.

**CAUSE NO. CL-17-4340-B**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:   SANDRA DONOVAN
      2301 N ABRAM RD 455
      MISSION TEXAS 78572
      OR WHEREVER SHE MAY BE FOUND

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 24th day of October, 2017 in this Cause Numbered CL-17-4340-B on the docket of said Court, and styled,

**ESTEBAN REYES**
**vs.**
**SANDRA DONOVAN**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION & REQUEST FOR DISCLOSURE petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
      ROGELIO SOLIS
      PO BOX 2307
      EDINBURG TX 78540

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 24th day of October, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #2

BY Alma Navarro DEPUTY
ALMA NAVARRO

Electronically Submitted
10/24/2017 11:09 AM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
  Came to hand on the _24_ day of _October_____, 20 _17_, at _5:00_ o'clock _P___ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

  Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _Sandra Donovan_ DATE _10|30|n_ TIME _8:45pm_ PLACE _2301 N. Abram Rd #455, Mission TX_

By: _____  By: _____
  CIVIL PROCESS SERVER        DEPUTY SHERIFF/CONSTABLE

DEFENDANT NOT SERVED
  Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____  By: _____
  CIVIL PROCESS SERVER        DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Jeremy Garcia_, my date of birth is _10|16|81_ and my address is

_1111 W. Nolana Ave_. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _Hidalgo_ County, state of Texas, on the _30_ day of _October_ 20 _17_.

_____
DECLARANT

_9/30/18   SC-19/16_
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Cause Number CL-17-4340-B

| | | |
|---|---|---|
| ESTEBAN REYES | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| VS | § | COUNTY COURT AT LAW # 2 |
| | § | |
| | § | |
| | § | |
| SANDRA DONOVAN | § | |
| | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | **AFFIDAVIT** |
| COUNTY OF HIDALGO | § | |

Before me, the undersigned authority, on this day personally appeared Jeremy Garate who after being duly sworn did upon oath state the following:

I am over the age of 18 years and I am fully competent to testify to matters stated in this affidavit.

I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

On October 30, 2017, I served SANDRA DONOVAN a CITATION, PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at 2301 N ABRAM RD., #455, MISSION, TEXAS.

Further affiant sayeth not.

Jeremy Garate

Before me, a notary public, on this day personally appeared Jeremy Garate known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared under oath that the statements therein contained are true and correct.

Given under my hand and seal of office this _8th_ day of _November_ 2017.

Notary Public

AIDA MORALEZ
Notary Public, State of Texas
Comm. Expires 02-10-2020
Notary ID 130540887

# EXHIBIT "C-4"

# EXHIBIT "C-4"

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CAUSE NO. CL-17-4340-B

| | | |
|---|---|---|
| ESTEBAN REYES | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| SANDRA DONOVAN | § | HIDALGO COUNTY, TEXAS |
| Defendant. | § | |

## DEFENDANT SANDRA DONOVAN'S ANSWER TO PLAINTIFF'S PETITION

TO THE HONORABLE COURT:

COMES NOW Defendant, SANDRA DONOVAN, in the above-entitled and numbered cause files her answer to the Plaintiff' Original Petition and would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the pleading of Plaintiff, says that the allegations therein are not true, either in whole or in part, and demands strict proof thereof by a preponderance of evidence and, to the extent that Plaintiff seeks exemplary damages, clear and convincing evidence. Defendant reserves Defendant's right to amend this answer to assert other and further defenses as discovery and investigation warrant.

## II.
## AFFIRMATIVE DEFENSES
### (Alternatively Pled)

2. Defendant would show that Plaintiff failed to exercise ordinary care.

3. Alternatively, Defendant would show that Plaintiff's alleged damages were brought about and proximately caused by Plaintiff's own negligence.

4. Alternatively, Plaintiff's damages, if any, were caused by the negligence of Plaintiff and

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

Plaintiff's negligence was the sole and proximate cause of any damages alleged in this lawsuit.

5.      Alternatively, the damages alleged by Plaintiff were caused by intervening acts, events, conditions, or circumstances for which Defendant is not responsible.

6.      Alternatively, Plaintiff's claims against Defendant are barred in whole or in part by the conduct of others.   Specifically, Plaintiff' alleged damages were proximately caused by the actions/inactions of third parties over whom Defendant has no control.

7.      Alternatively, Defendant hereby invokes the doctrines of comparative and proportionate responsibility as available under the Texas Civil Practice & Remedies Code. Defendant would show that the damages alleged by Plaintiff, were caused by persons other than Defendant, whether named in this suit or not. Defendant further requests the jury to compare the extent to which any party to this case, whether joined in this suit or not, may have caused or contributed to cause the injuries of which Plaintiff complains.

8.      Alternatively, pursuant to Tex. Civ. Prac. & Rem. Code § 33.001, *et seq.*, upon submission of this case to a fact-finder, Defendant is entitled to a submission of the percentage of responsibility, if any, of Plaintiff, of each defendant (if more than one), of each settling person, each responsible third party or third parties for the damages claimed.

9.      Alternatively, Defendant asserts the right to contribution and/or indemnity from any other person or entity, regardless of whether a party, who is found to have caused or contributed to the injuries and/or the damages alleged by Plaintiff.

10.     Alternatively, Plaintiff failed to mitigate Plaintiff's damages, if any.

11.     Alternatively, Alternatively, Defendant asserts offset and/or reduction as defenses.

12.     Alternatively, the incident was an unavoidable accident caused by an unforeseeable condition.

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

13.    Alternatively, there is no causal connection between the alleged violations of the statutes or ordinance and the injury.

14.    Alternatively,  ordinance or regulation was not designed to prevent the type of harm for which recovery is sought.

15.    Alternatively, when this case is submitted to the jury, Defendants ask this Court to submit as instructions the following inferential-rebuttal defenses raised by the evidence:

   (1)    The alleged collision with the Plaintiff's vehicle and Plaintiff's alleged injury was the result of a new and independent cause.
   (2)    The alleged collision with the Plaintiff's vehicle and Plaintiff's alleged injury was caused solely by the acts and/or omissions of a third-party for whom Defendant is not liable.
   (3)    The alleged collision with the Plaintiff's vehicle was an unavoidable accident.
   (4)    Plaintiff's alleged injury was the result of a new and independent cause.
   (5)    Plaintiff's alleged injury was the result of an unavoidable accident.
   (6)    Defendant's acts alleged as the basis of Plaintiff's claim were in response to a sudden emergency.

16.    Alternatively, to the extent applicable, Defendant further invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  Defendant affirmatively pleads that the Plaintiff's pleading of punitive and/or exemplary damages is violative of the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

   (1)    in an amount left to the discretion of the jury and judge;
   (2)    in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;
   (3)    in assessing such penalty or exemplary awards, Plaintiff need only prove the    theory of gross negligence on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a    punishment award;
   (4)    further, the Defendant who is subject to the award does not have the right to refuse to testify against itself, but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment;
   (5)    the assessment of such a punishment and/or exemplary award is not based

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/orother prerequisites of a criminal fine and, in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

(6)     in essence, Defendant herein is subjected to all the hazards and risks of what amounts to a fine and, in face, such awards often exceed normal criminal fines; but Defendant receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties;

(7)     the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

17.     Alternatively, if such be necessary, Defendant further affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amended of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, Defendant invokes Defendant's rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would violate of this Defendant's United States Constitutional rights. If Defendant is found liable for exemplary damages, those damages must be capped under the Texas Damages Act and the Due Process Clauses of the United States and Texas Constitutions.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged and that they go hence with Defendant's costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show to be justly entitled.

Electronically Submitted
11/17/2017 1:55 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

*/s/Rick V. Anderson*

GREGG S. WEINBERG
TBA No. 21084150
RICK V. ANDERSON
TBA No. 24059047
CAITLIN B. FESTE
TBA No. 24085212
2800 Post Oak Boulevard, 57th Floor
Houston, TX  77056
(713) 840-1666
randerson@rmwbhlaw.com
cfeste@rmwbhlaw.com
gweinberg@rmwbhlaw.com
**ATTORNEYS FOR DEFENDANT
SANDRA DONOVAN**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Tex. R. Civ. P. 21a, a true and correct copy of the foregoing instrument was served upon the parties listed below by fax, delivery service, messenger, mail, and/or through the serving party's electronic filing service provider, this 17th day of November, 2017.

Rogelio Solis
De La Fuente & Solis, PLLC
P.O. Box 2307
Edinburg, Texas 78540
Rogelio@381 help.com

Francisco J. Rodriguez
Danielle C. Rodriguez
Law Office of Francisco J. Rodriguez
1111 W. Nolana Ave.
McAllen, Texas 78504
frankr@mccallenlawfirm.com

*/s/Rick V. Anderson*

Rick V. Anderson

# EXHIBIT "D"

# EXHIBIT "D"

CAUSE NO. CL-17-4340-B

| | | |
|---|---|---|
| ESTEBAN REYES | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| SANDRA DONOVAN | § | HIDALGO COUNTY, TEXAS |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant, Sandra Donovan (Defendant) and makes this her Notice to this Honorable Court and all Counsel that the above captioned action has been removed to the United States District Court for the Southern District of Texas, McAllen Division pursuant to 28 U.S.C. § 1441. A copy of the Federal Court Notice of Removal as filed in the aforesaid Federal Court is attached hereto as Exhibit "A". Defendant files this Notice of Filing Notice of Removal without waiving any rights contained within or appurtenant to, in law or equity previously filed in this matter.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

*/s/Rick V. Anderson*
_____
GREGG S. WEINBERG
TBA No. 21084150
Rick V. Anderson
TBA No. 24159047
CAITLIN B. FESTE
TBA No. 24085212
2800 Post Oak Boulevard, 57th Floor
Houston, TX  77056
Telephone: (713) 840-1666
Facsimile: (713) 840-1666
gweinberg@rmwbhlaw.com
randerson@rmwbhlaw.com

cfeste@rmwbhlaw.com
**ATTORNEYS FOR DEFENDANT SANDRA
DONOVAN**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that pursuant to Tex. R. Civ. P. 21a, a true and correct copy of the foregoing instrument was served upon the parties listed below by fax, delivery service, messenger, mail, and/or through the serving party's electronic filing service provider, this day of November 21, 2017.

**<u>Via Electronic Service</u>**
Rogelio Solis
De La Fuente & Solis, PLLC
P.O. Box 2307
Edinburg, Texas 78540
Rogelio@381 help.com

Francisco J. Rodriguez
Danielle C. Rodriguez
Law Office of Francisco J. Rodriguez
1111 W. Nolana Ave.
McAllen, Texas 78504
frankr@mccallenlawfirm.com

*/s/Rick V. Anderson*
_____

CAITLIN B. FESTE/RICK V. ANDERSON